CHRISTINE SCHLEUSS
LAW OFFICE OF CHRISTINE SCHLEUSS
632 Christensen Drive, Suite 200
Anchorage, Alaska 99501
Telephone: 907-222-4635
Facsimile: 907-222-4827

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| WANDA SEVERSON, | |
|---|---|
| Plaintiff, | |
| vs. | Case No. _____ |
| UNITED STATES OF AMERICA; THE ALASKA NATIVE MEDICAL CENTER, | **COMPLAINT FOR DAMAGES** |
| Defendant. | |

For her complaint, Plaintiff, through counsel Christine Schleuss, alleges as follows:

**Parties and Jurisdiction**

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. Jurisdiction is based on 28 U.S.C. § 1346(a) (2) and 1346(b).

2. In Claim No. 10-0435, Severson filed a timely administrative claim based on the facts alleged below to the Department of Health & Human Services. In a letter dated August 2, 2011, the Department denied Severson's claim and gave her six months to file suit against the United States in federal district court.

3. At the time of the conduct that forms the basis of Severson's complaint, she was a patient receiving health services from the Alaska Native Medical Center (ANMC), 4315 Diplomacy Drive, Anchorage, Alaska. The ANMC was carrying out a compact agreement with the Indian Health Service, and is deemed to be part of the Indian Health Service in the Department of Health and Human Services of the United States of America pursuant to Public Law 101-512, Title III, section 314.

## Common Factual Allegations

4. The plaintiff is Wanda Severson (DOB: 2/13/1962).

5. On or about July 23, 2008, the ANMC employed Dr. Brian A. Trimble as a neurologist.

6. Dr. Trimble was evaluating Severson for diplopia, or double vision.

7. Dr. Trimble administered what he described as a "Tensilon test."

8. Dr. Trimble first administered a test dose of 1 mg. of neostigmine.

9. Dr. Trimble then added another 7 mg. dose of neostigmine.

10. Dr. Trimble should have administered Tensilon to Severson, not neostigmine.

11. Dr. Trimble's eight mg. of neostigmine was an over-dose.

12. Severson's adverse reaction to the neostigmine over-dose included lowered heart rate and blood pressure, dizziness, copious salivation, heart palpitations, severe respiratory distress, cyanotic, gross audible rales, seizure, and loss of urinary control and consciousness.

13. Hospital staff attending to Severson alerted Code Blue.

14. Severson, in serious condition, was transferred to the Intensive Care Unit where she was placed on a cardiac monitor.

15. Since her neostigmine overdose, Severson has suffered from seizures, headaches, double vision, dizziness, and shaking.

16. Since her neostigmine overdose, Severson no longer reads for pleasure, rides a 4-wheeler, or hunts.

### First Claim for Relief: Medical Malpractice

17. Plaintiff incorporates by reference all prior allegations herein.

18. Dr. Trimble's incorrect use of neostigmine, and in a dosage that was nearly lethal, conducted as an employee of the ANMC, through the Department of Health and Human Services, an agency of the United States, breached the duty of care owed to Severson and constituted medical malpractice.

19. As a proximate result of Dr. Trimble's medical malpractice, Severson suffered physical injury, emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, in an amount to be proven at trial.

### Second Claim for Relief: Negligence

20. The ANMC, through the Department of Health and Human Services, an agency of the United States, negligently failed to assure that employee Dr. Trimble possessed that degree of knowledge and skill ordinarily possessed and exercised at the time by other health care providers in the field or specialty in which they were practicing.

21. As a proximate result of the negligence of the employees and agents of the ANMC, Severson suffered physical injury, emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, in an amount to be proven at trial.

### Third Claim for Relief:  Negligent Infliction of Emotional Distress

22. Plaintiff incorporates by reference all prior allegations herein.

23. The ANMC, through the Department of Health and Human Services, an agency of the United States, failed to insure that employee Dr. Trimble possessed that degree of knowledge and skill ordinarily possessed and exercised at the time by other health care providers in the field or specialty in which they were practicing was the cause of Plaintiff's damages.

24. The ANMC's actions proximately caused Plaintiff to suffer severe emotional distress which entitles Plaintiff to be compensated for her damages in an amount to be proven at trial, which shall include but not limited to past and future emotional distress, and past and future lost enjoyment of life; and such other damages as permitted by law.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff demand judgment for compensatory damages in excess of $3,000,000, the precise amount to be proven at trial, plus allowable costs, interest, and attorneys' fees.

RESPECTFULLY SUBMITTED this 31st day of January, 2012.

         LAW OFFICE OF CHRISTINE SCHLEUSS

         /s/ Christine Schleuss
         Law Office of Christine Schleuss
         632 Christensen Drive, Suite 200
         Anchorage, Alaska 99501
         Phone: (907) 222-4635
         Fax: (907) 222-48927
         Email: chriss@chrisschleuss.com
         Alaska Bar No. 7811132
         Attorney for Plaintiff