CHRISTINE SCHLEUSS
LAW OFFICE OF CHRISTINE SCHLEUSS
632 Christensen Drive, Suite 200
Anchorage, Alaska 99501
Telephone: 907-222-4635
Facsimile: 907-222-4827

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WANDA SEVERSON,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 3:12-cv-00025-SLG |

## AMENDED COMPLAINT FOR DAMAGES

For her complaint, Plaintiff, through counsel Christine Schleuss, alleges as follows:

**Parties and Jurisdiction**

  1.  This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. Jurisdiction is based on 28 U.S.C. § 1346(a) (2) and 1346(b). Venue in this district is authorized by 28 USC § 1402(b).

  2.  In Claim No. 10-0435, Severson filed a timely administrative claim based on the facts alleged below to the Department of Health & Human Services. In a letter dated August 2, 2011, the Department denied Severson's claim and gave her six months to file suit against the United States in federal district court.

3. At the time of the conduct that forms the basis of Severson's complaint, she was a patient receiving health services from the Alaska Native Medical Center (ANMC), 4315 Diplomacy Drive, Anchorage, Alaska. The ANMC was carrying out a compact agreement with the Indian Health Service, and is deemed to be part of the Indian Health Service in the Department of Health and Human Services of the United States of America pursuant to Public Law 101-512, Title III, section 314. Health care providers at the ANMC are employees of the United States for purposes of liability under the FTCA if they are employees of the ANMC, acting within the scope of their employment and are carrying out the compact with the IHS at the time of the acts giving rise to the complaint.

## Common Factual Allegations

4. The plaintiff is Wanda Severson (DOB: 2/13/1962), a resident of the State of Alaska who was entitled to receive medical care from the Indian Health Service and entities that compact with the IHS, including the ANMC.

5. On or about July 23, 2008, the ANMC employed Dr. Brian A. Trimble as a neurologist. The ANMC was responsible for hiring, retaining, training, and supervising Dr. Trimble as well as other health care providers who provided services to Severson. At all times relevant to this complaint, the employees of the ANMC who are alleged to have acted in a negligent manner were acting within the scope of their employment and were also carrying out the ANMC's compacts with the IHS.

6. Dr. Trimble was evaluating Severson for diplopia, or double vision.

7. Dr. Trimble administered what he described as a "Tensilon test."

8. Dr. Trimble first administered a test dose of 1 mg. of neostigmine.

9. Dr. Trimble then added another 7 mg. dose of neostigmine.

10. Dr. Trimble should have administered Tensilon to Severson, not neostigmine.

11. Dr. Trimble's eight mg. of neostigmine constituted an approximate sixteen times over-dose of medication.

12. Severson's adverse reaction to the neostigmine over-dose included lowered heart rate and blood pressure, dizziness, copious salivation, heart palpitations, severe respiratory distress, cyanotic, gross audible rales, seizure, and loss of urinary control and consciousness.

13. Hospital staff attending to Severson alerted emergency Code Blue.

14. Severson, in serious condition, was transferred to the Intensive Care Unit where she was placed on a cardiac monitor.

15. Since her neostigmine overdose, Severson has suffered from seizures, headaches, double vision, dizziness, and shaking.

16. Since her neostigmine overdose, Severson no longer reads for pleasure, rides a 4-wheeler, or hunts.

### First Claim for Relief: Medical Malpractice

17. Plaintiff incorporates by reference all prior allegations.

18. Dr. Trimble's incorrect use of neostigmine, and in a dosage that was nearly lethal, conducted as an employee of the ANMC, through the Department of Health and Human Services, an agency of the United States, breached the duty of medical care owed to Severson and constituted medical malpractice.

19. As a direct and proximate result of Dr. Trimble's medical malpractice, Severson suffered past and future damages, including but not limited to physical injury, severe emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, and other economic and non-economic losses, and other such damages as permitted by law, in an amount to be proven at trial.

## Second Claim for Relief: Negligence

20. Plaintiff incorporates by reference all prior allegations.

21. Other personnel (including but not limited to other health care providers, supervisors and administrators) employed by the ANMC, through the Department of Health and Human Services, an agency of the United States, breached the applicable standards of care and were negligent in providing medical care to Severson.

22. As a direct and proximate result of the negligence of the defendant as described above, Severson suffered past and future damages, including but not limited to physical injury, severe emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, and other economic and non-economic losses, and such other damages as permitted by law, in an amount to be proven at trial.

## Third Claim for Relief:  Negligent Infliction of Emotional Distress

23. Plaintiff incorporates by reference all prior allegations.

24. Other personnel (including but not limited to other health care providers, supervisors and administrators) employed by the ANMC, through the Department of Health and Human Services, an agency of the United States, negligently failed to insure that employee Dr. Trimble possessed that degree of knowledge and skill ordinarily

possessed and exercised at the time by other health care providers in the field or specialty in which they were practicing.

25. As a direct and proximate result of the negligence of the defendant described above, Plaintiff suffered past and future damages, including but not limited to physical injury, severe emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, and other economic and non-economic losses, and such other damages as permitted by law, in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff demand judgment for compensatory damages not to exceed $500,000, the precise amount to be proven at trial, plus allowable costs, interest, and attorneys' fees.

RESPECTFULLY SUBMITTED this \_\_\_\_ day of May, 2012.

LAW OFFICE OF CHRISTINE SCHLEUSS

/s/ Christine Schleuss
Law Office of Christine Schleuss
632 Christensen Drive, Suite 200
Anchorage, Alaska 99501
Phone: (907) 222-4635
Fax: (907) 222-4827
Email: chriss@chrisschleuss.com
Alaska Bar No. 7811132
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**
I hereby certify that on May 22, 2012,
a true copy of the foregoing AMENDED
COMPLAINT FOR DAMAGES was
served via electronic service on:

Gary M. Guarino @ gary.guarino@usdoj.gov

/s/ Christine Schleuss